UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER A. FUENTES,

                        Plaintiff,

              -against-

THE DISTRICT OF ATTORNEY OF NYC;
R. REED, SCC, C.A.P. UNIT; RUBY KRAJICK,

                        Defendants.

19-CV-4467 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

       Plaintiff, currently incarcerated in the Fishkill Correctional Facility, brings this *pro se* action, alleging that Defendants violated his constitutional rights. By order dated May 31, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff drafted this complaint using the prisoner complaint form provided by this Court. After checking the box on the form to indicate "[v]iolation of [his] federal constitutional rights" as the legal basis for his claim, he also writes "Ind. # 05373-2014 (Right to bear arms)." (Compl. at 2.)

Plaintiff lists the place of occurrence as "New York City," and the date of occurrence as "Around 9:30 pm at night, Day of arrest." (*Id.* at 4.)

Plaintiff alleges the following:

So . . I provided my service to the Navy from 1995-1999 and the Army from 2000 to at least 2017 . . when I began filing for my VA benefits. My Top Secret work involved mostly technologic advancements. My nick names were, 'The Duke' and '007' due to my very fun, savvy, European political achievements.

When I drink a Heineken and someone pulls a gun out on me and say's [sic] they'll shoot me, I feel compelled to calm them down, throw it in the Hudson River. I apologize . . I should have never polluted that water . . I've gone fishing there before.

As for my previous indictment in 2009 . . I have no internet access . . A man began to stab and attempt to rape me . . I had no other choice. I would like to avoid parole in NY . . I've never been arrested anywhere else. and move to the

> Philippines [sic] . . I can't name blame individuals . . I blame it on bad legal procedures and misinterpretations [sic] of events. However . . the corrective learning experience . . has hence forth compelled me to act like Jesus when assailled [sic] and simply turn the other cheek . . However, that's not very healthy . . for . . ah . . ah . . ah . . ah . . staying alive . . staying . . as . . ah . . ah . .ah . . staying alive!

(*Id.* at 4-5.)

In the section in which Plaintiff is asked to describe his injuries, he states "I'd suggest you contact the American Red Cross in Washington D.C. and The Order of the Purple heart in Virginia." *(Id.* at 5.) In the section in which Plaintiff is asked to state the relief he seeks, he states "[i]f the charges are dropped and I'm released you can send a bill to 227-35 143rd Rd Jamaica, NY 11413, and I'll send you a Chase Bank check for your amount(s). I'll have you catored [sic] some hamburgers with some 'ketchup' (see informa pauperus [sic] papers . . )" (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 5, 2019
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.